HERNÁNDEZ & COMPANY, PLAINTIFFS AND APPELLEES, *v.* STAND-
ARD MILLING COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action
of Debt.

No. 2446.—Decided June 21; 1921.

APPEAL—BRIEF—DISCRETION OF COURT.—The appellant having justified his delay
in filing the brief and it having been filed before the hearing on the motion
for dismissal of the appeal, the Supreme Court, in the exercise of its dis-
cretion, overruled the motion.

The facts are stated in the opinion.

*Messrs. L. Muñoz Morales* and *L. Villaronga* for the ap-
pellant.

*Mr. José G. Torres* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The appellee has moved for dismissal of the appeal be-
cause of the appellant's failure to file a brief in time. From
the record it appears that the transcript was filed on March
26, 1921; that on April 4, following, the appellant was granted
an extension of thirty days within which to file a brief; that
the extension expired before the brief was filed, and that on
June 13, instant, the appellee made the motion for dismissal
of the appeal. Two days thereafter the brief was filed and
on the 20th the motion for dismissal was heard, only the ap-
pellant appearing.

This statement of the facts is sufficient to show that the
appellee had a clear right to move for the dismissal of the
appeal. *Rivera* v. *North British & Mercantile Insurance Co.*,
24 P. R. R. 839.

Now, is that an acquired right which this court is bound
to recognize regardless of the facts involved in the case? In
our judgment the question must be answered in the negative.
When an appeal has been duly and formally taken this court
acquires jurisdiction of the case and, in the exercise of its
discretion, may dispose of all other questions that may arise

during the prosecution of the appeal. Thus, the failure to file a brief in time may, and generally does, result in the dismissal of the appeal, if the appellee asserts his right in due form, but that omission does not constitute a jurisdictional question and if the circumstances justify it the court has the discretion to overlook it. See the case of *González v. Acha et al.,* 19 P. R. R. 1143.

What are the facts in this case? We have stated them, but the appellant filed an affidavit of attorney Villaronga stating that the attorney for the appellant was Mr. Muñoz Morales who was very busy with urgent and important matters when the time within which to file the brief was about to expire and requested Villaronga to ask for an extension; that Villaronga left the office ill and absolutely forgot to do as requested; that only two days intervened between the filing of the motion for dismissal and the filing of the brief, and that when the motion was heard the brief had already been filed. The appellee was served with a copy of the affidavit and raised no objection. Nor did he appear at the hearing on the motion.

In our opinion these facts justify this court in exercising its discretional power in favor of the appellant. The tendency of the courts is to decide cases on their merits, because that is the surest manner of doing justice. Only when an actual abandonment is observed should an appeal be dismissed without a hearing, for a great part of justice consists in administering it promptly and unjustified delays should not be permitted.

For the foregoing reasons we are of the opinion that the motion for dismissal should be overruled and that the appeal should be prosecuted in accordance with the law and the rules of this court.

*Motion overruled.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.